## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALI AMIRNAZMI,** | : | **CIVIL NO. 3:11-CV- 273** |
| | : | |
| **Petitioner,** | : | **(Judge Nealon)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **WILLIAM SCISM,** | : | |
| | : | |
| **Respondent.** | : | |

## <u>MEMORANDUM ORDER</u>

THE BACKGROUND OF THEE ORDER IS AS FOLLOWS:

On February, 8, 2011, the petitioner, Ali Amirnazmi filed, a petition for writ of habeas corpus. (Doc. 1.) In his petition, Amirnazmi: (1) challenges the results of the prison disciplinary hearings which led to the forfeiture of good time for this federal prisoner; (2) attacks the prison's exercise under the Second Chance Act, with respect to his placement in a Residential Re-entry Center; and (3) urges us to reassess the fairness of a prison decision  denying Amirnazmi an opportunity to participate in a Residential Drug Abuse Program (RDAP).

Along with his petition, Amirnazmi filed a series of motions. (Docs. 16, 18 and 21.) In these motions Amirnazmi recited that he is now housed in the Special Housing Unit at the prison. Amirnazmi then asked that this court enter orders: (1) directing prison officials to allow him to keep stored legal materials in his Special Housing Unit

1

cell; and (2) instructing prison officials to provide him access in discovery to prison

disciplinary materials relating to other inmates, information Amirnazmi sought as part

of a speculative fishing expedition in support of his habeas corpus petition.

On May 5, 2011, we filed a report and recommendation which recommended

that Amirnazmi's petition for writ of habeas corpus be denied. (Doc. 23.) In light of

this recommendation, we will DENY this motions as moot, without prejudice to

Amirnazmi renewing the motions, should the district court determine that further

proceedings are appropriate on this petition.

In addition to denying these motions as moot, we note that, to the extent that

Amirnazmi seeks discovery regarding disciplinary decisions pertaining to other

inmates, his request fails on its merits. Habeas petitioners have no absolute right to

make discovery demands upon respondents. Rather, decisions on discovery requests

rest in the sound discretion of the court.  As the United States Court of Appeals for the

Third Circuit has noted:

> Just as bald assertions and conclusory allegations do not afford a
> sufficient ground for an evidentiary hearing, see Wacht v. Cardwell, 604
> F.2d 1245, 1246 n. 2 (9th Cir.1979), neither do they provide a basis for
> imposing upon the state the burden of responding in discovery to every
> habeas petitioner who chooses to seek such discovery. Under Rule 6(a)
> of the Rules Governing Habeas Corpus Cases Under § 2254 the district
> court has discretion to decide the extent to which discovery is appropriate.
> The Advisory Committee Note to Rule 6 makes clear that prior court

approval is required to prevent abuse.

Mayberry v. Petsock, 821 F.2d 179, 185 (3d. Cir. 1987)

These discovery rules in § 2254 petitions apply with equal force to federal habeas petitions under § 2241. See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that habeas rules are "applicable to Section 2241 petitions through Rule 1(b)").

In his habeas petition, Amirnazmi attacks the substance of various DHO decisions, arguing that there was insufficient evidence to support any finding of misconduct on his part. This substantive attack on the sufficiency of the evidence in this disciplinary hearing must meet a demanding legal standard to succeed. A prison disciplinary determination comports with due process if it is based on "some evidence." See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454-56 (1985) ("[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board"). This standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of witnesses, or even a weighing of the evidence. See id. at 455; Thompson v. Owens, 889 F.2d 500, 501-02 (3d Cir. 1989). Therefore, is well settled that the decision of the DHO is entitled to considerable deference by a reviewing court

and must be upheld whenever there is "some evidence" to support the decision. Hill, 472 U.S. at 457; Elkin v. Fauver, 969 F.2d 48 (3d Cir.1992); Thompson v. Owens, 889 F.2d 500 (3d Cir. 1989); Franco v. Kelly, 854 F.2d 584, 588 (2d Cir. 1988); Freeman v. Rideout, 808 F.2d 949, 955 (2d Cir. 1986). In sum, in this setting the "function [of the court] is to determine whether there is some evidence which supports the decision of the [DHO]." Freeman, 808 F.2d at 954. As the Supreme Court has observed, the "some evidence" standard is a highly deferential standard of review and:

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

Hill 472 U.S. at 455-456.

Applying this deferential standard, once the reviewing court determines there is "some evidence" to support the finding of the DHO, the court must reject the evidentiary challenge by the petitioner and uphold the finding of the DHO. Griffin v. Spratt, 969 F.2d 16, 22 (3d Cir. 1992); Thompson, 889 F.2d 501;  Freeman, 826 F.2d at 954. In practice, courts have rarely condemned correctional disciplinary decisions as being wholly lacking in evidentiary support, and have frequently concluded that disciplinary findings are supported by the requisite degree of proof . See e.g., Fiore v. Lindsay, 336 F.App'x 168 (3d Cir. 2009)(upholding disciplinary decision); Macia v. Williamson,

4

219 F.App'x 229 (3d Cir. 2007)(same); <u>Reynolds v. Williamson</u>, 197 F.App'x 196 (3d

Cir. 2006)(same); <u>Levi v. Holt</u>, 193 F.App'x 172 (3d Cir. 2006)(same); <u>Sinde v.</u>

<u>Gerlinski</u>, 252 F.Supp.2d 144 (M.D.Pa. 2003)(same).

      Given these governing standards which control resolution of habeas petitions

attacking prison disciplinary decisions,  we will deny this particular discovery request,

finding that the request does not address the issue of the merits of these DHO

proceedings, and further finding that the release of other complaints in unrelated

matters would violate the privacy rights of the third parties named in those complaints.

<u>See</u> <u>Mincy v. Chmielewski</u>, No. 05-292, 2006 WL 3042968 (M.D.Pa. Oct. 25,

2006)(denying access to third-party complaints on privacy grounds). Moreover, we

find that Amirnazmi has not made the threshold showing of selective prosecution

which is a legal prerequisite to such a discovery. Such selective prosecution discovery

requests must meet a "rigorous standard." and "the required threshold to obtain

discovery is ' "some evidence tending to show the existence of the essential elements

of the defense," discriminatory effect and discriminatory intent.' " <u>United States. v.</u>

<u>Hedaithy</u>, 392 F.3d 580, 607 (3d Cir. 2004)(citations omitted). Amirnazmi has not

made this showing in his pleadings; therefore, his speculative discovery request should

be denied.

Furthermore, as for Amirnazmi's request that prison officials allow him to store extra legal materials in his cell at the Special Housing Unit, we note that inmates have in the past often invited federal courts to entertain orders directing their jailers to allow them greater access to legal materials. Yet, these requests, while frequently made, have rarely been embraced by the courts. See, e.g., Kershner v. Mazurkiewicz, supra; Edmonds v. Sobina, 296 F.App'x 214, 216 n. 3 (3d Cir. 2008); Barnes v. Quattlebaum, No. 08-2197, 2009 WL 678165 (D.S.C. March 12, 2009); Clay v. Sobina, No. 06-861, 2007 WL 950384 (W.D.Pa. March 26, 2007); Wesley v. Vaughn, No. 99-1228, 2001 WL 1391254 (E.D.Pa. Nov. 7, 2001). Instead, these courts have repeatedly upheld as reasonable prison policies concerning access to, and the storage of, legal materials that are even more restrictive than those apparently at issue here, finding that these policies do not unduly infringe upon inmates' rights to petition the courts. See , e.g., Barnes v. Quattlebaum, No. 08-2197, 2009 WL 678165 (D.S.C. March 12, 2009); Wesley v. Vaughn, No. 99-1228, 2001 WL 1391254 (E.D.Pa. Nov. 7, 2001), (upholding a policy limiting an inmate to storage of one box of legal materials in his cell per month.) In light of this settled case-law, Amirnazmi's complaints regarding the storage of some of his legal materials while he is housed in the Special Housing Unit, do not raise claims of a constitutional dimension.

Accordingly, for the foregoing reasons. Amirnazmi's motions for discovery and other relief (Docs. 16, 18, and 21) are DENIED.

So ordered this 6th day of May, 2011.

**_S/MARTIN C. CARLSON_**
Martin C. Carlson
United States Magistrate Judge